Filed 3/5/25  P. v. Montgomery CA2/4

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B334912 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA507636) |
| v. | |
| GRADY MONTGOMERY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gustavo N. Sztraicher, Judge.  Affirmed.

Brad J. Poore, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

# INTRODUCTION

Appellant Grady Montgomery pled no contest to one count of unlawful possession of a firearm by a felon.  (Pen. Code, § 29800, subd. (a)(1)).[1] Because he did not receive a certificate of probable cause, his appeal is limited to matters occurring after entry of his plea, which do not affect the validity of the plea.  (Cal. Rules of Court, rule 8.304(b)(4).) Appellant's counsel filed an opening brief that raised no issues and requested independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  We have conducted an independent examination of the entire record and conclude no arguable issues exist.  We therefore affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

We take the following facts from appellant's preliminary hearing.

On March 30, 2022, Los Angeles Police Department Officer Gabriel De Alba was patrolling near Hobart Boulevard and 39th Street in Los Angeles. He observed a vehicle with one brake light out.  De Alba and his partner conducted a traffic stop of the vehicle and found a female driver and appellant as the passenger.  De Alba observed a bottle of liquor on the rear floor of the car and from his position near the front passenger window, he could smell alcohol "emanating from the vehicle."

De Alba ordered the occupants out of the car and searched it, finding a loaded firearm underneath the front passenger seat, where appellant had been sitting.  As De Alba turned around to detain the occupants, appellant "took off running."  De Alba caught and detained appellant.  The firearm had a live round in the chamber and approximately seven additional rounds inside the magazine.

An information filed April 10, 2023 charged appellant with one count of possession of a firearm by a felon (§ 29800, subd. (a)(1)).  The information further alleged that appellant suffered prior felony convictions that constituted prior serious or violent felonies within the meaning of sections 667, subdivisions (b) through (j) and 1170.12, subdivision (b).

---

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

Appellant filed a motion to suppress evidence, arguing that the warrantless search of the vehicle was unreasonable. The People opposed the motion and appellant filed a reply. Following an evidentiary hearing and oral argument, the court denied the motion.

On January 25, 2024, appellant pled no contest. The trial court accepted appellant's plea. The court struck the prior strike pursuant to the plea and sentenced appellant to the low term of 16 months in prison. Appellant timely appealed.

On appeal, appellant's appointed counsel filed a brief requesting that we independently review the record for error. (*Wende, supra,* 25 Cal.3d at p. 441.) We directed counsel to send the record and a copy of the brief to appellant, and notified appellant of his right to respond within 30 days. We have received no response.

## DISCUSSION

We have examined the entire record, and are satisfied no arguable issues exist in the appeal before us and that appellant has received effective appellate review of the judgment entered against him. (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 110; *Wende, supra*, 25 Cal.3d at p. 443.)

## DISPOSITION

The judgment is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


COLLINS, J.


We concur:


ZUKIN, ACTING P. J.


MORI, J.

3